# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN HAYNES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-912-NJR ) ) |
| KAREN JAIMET, B. BLUM, JANE DOE NURSE, and JOHN DOE PHYSICIAN, | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brian Haynes, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent in treating his ankle injury, in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint, Plaintiff makes the following allegations: On March 26, 2018, Plaintiff injured his right ankle playing basketball on the yard. (Doc. 1, p. 7). He was escorted to the healthcare

unit in a wheelchair because he could not put pressure on the leg. Plaintiff was examined by Jane Doe Nurse at 9:15 a.m.; she put Plaintiff in to see Dr. B. Blum at 10:00 a.m. Dr. Blum examined Plaintiff's ankle and diagnosed him with an ankle sprain. Plaintiff informed Dr. Blum that he thought it was more than a sprain because he heard a loud pop. Dr. Blum scheduled Plaintiff for an x-ray. The attached medical records indicate that Plaintiff was directed to elevate and ice the ankle and was provided with an ace wrap. (*Id*. at pp. 17-18). He also was scheduled for a follow-up in two weeks. (*Id*.).

On April 10, 2018, Plaintiff received the results of the x-ray from Jane Doe Nurse. (*Id*. at pp. 7-8). She informed Plaintiff that he had no fractures or dislocations. According to the attached report, the soft tissue was also unremarkable. (*Id*. at p. 13). Plaintiff informed her that he was still in pain and had a lump on his heel. The nurse scheduled Plaintiff for a follow-up with the doctor. On May 19, 2018, Plaintiff saw John Doe Physician for the pain and lump in his ankle. John Doe Physician had Plaintiff wiggle his ankle and informed him there was nothing wrong with him. Plaintiff requested an MRI but John Doe Physician refused. (*Id*.). The medical records indicate he was prescribed Tylenol for thirty days. (*Id*. at p. 19).

On May 26, 2018, Plaintiff filed an emergency grievance regarding his ankle pain. Warden Jaimet received the emergency grievance on May 31, 2018, but found it not to be an emergency and returned it to Plaintiff. (Doc. 1, p. 8). Plaintiff filed the grievance through the normal grievance process.

On August 20, 2018, Plaintiff put in another sick call because he was still in pain and had the lump on his ankle. (Doc. 1, p. 9). Jane Doe Nurse referred Plaintiff to the nurse practitioner. On August 28, 2018, Plaintiff saw the nurse practitioner who noted a deformity in the ankle and scheduled Plaintiff for an ultrasound. (*Id*. at p. 21). The ultrasound showed tendinosis of the Achilles tendon and possible partial tear. A follow-up MRI confirmed a partial tear. (*Id*. at pp. 9-10, 22, 25). Plaintiff was sent to an orthopedic surgeon, and the tear was surgically repaired on February 11, 2019. (*Id*. at p. 10, 29-30).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single count in this *pro se* action:

> **Count 1:** Karen Jaimet, Dr. B. Blum, Jane Doe Nurse, and John Doe Physician were deliberately indifferent in the treatment of Plaintiff's ankle injury in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Plaintiff fails to state a claim against Karen Jaimet. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The simple denial or mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Nothing in the Complaint indicates that Jaimet was personally responsible for providing Plaintiff with medical care. He only alleges that Jaimet deemed his grievance a non-emergency, which does not constitute deliberate indifference.

Nor are there any allegations to suggest that the other Defendants were deliberately indifferent in treating Plaintiff's ankle. Plaintiff alleges that Jane Doe Nurse, specifically the nurse he saw on March 26, 2018, examined him and referred him to the doctor. He acknowledges in his Complaint that he saw Dr. Blum within an hour of reporting to the healthcare unit. (Docs. 1, pp. 2, 7). This does not

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

amount to deliberate indifference as there was no delay in his treatment. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment may constitute deliberate indifference).

Plaintiff appears to take issue with the failure to diagnose the tear in his Achilles heel by Dr. Blum and John Doe Physician. But both doctors examined Plaintiff and provided him with care. Dr. Blum diagnosed Plaintiff's injury as a sprain and ordered x-rays to confirm his diagnosis. John Doe Physician examined Plaintiff, noted that he was able to wiggle his ankle, and found nothing further wrong with Plaintiff. The medical records indicate that he provided him with Tylenol for the pain. He did deny Plaintiff's request for an MRI, but Plaintiff does not get to choose his course of treatment, and the simple denial of an MRI does not amount to deliberate indifference. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm"). At best, Plaintiff's allegations suggest that Defendants were negligent in failing to diagnose the partial tear of the tendon and, instead, diagnosing it as a sprain. A defendant's negligence, or even ordinary malpractice, however, is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Walker v. Peters,* 233 F.3d 494, 499 (7th Cir.2000) ("A doctor might be careless ..., and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard."). Nor does the Complaint indicate that Dr. Blum or John Doe Physician continued with an ineffective course of treatment as they saw him on only one occasion each and provided him with care based on their diagnoses. Accordingly, Plaintiff fails to state a claim against Jane Doe Nurse, Dr. Blum, and John Doe Physician.

## **Motion for Counsel**

As to Plaintiff's motion for counsel (Doc. 6), Plaintiff alleges that he has contacted a number of attorneys and has not received a response. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706

F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, the Court finds Plaintiff capable of submitting an amended complaint on his own. Thus, counsel is not needed at this early stage. Therefore, Plaintiff's motion for counsel (Doc. 6) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 25, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 10/28/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**