# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN HAYNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-912-NJR |
| | ) |
| KAREN JAIMET, B. BLUM, JOHN DOE #1 PHYSICIAN, JOHN DOE #2 NURSE, DR. RITZ, PERCY MYERS, and ALISA DEARMOND, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brian Haynes, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint was dismissed without prejudice for failure to state a claim, but he was granted leave to file an Amended Complaint. In the Amended Complaint, Plaintiff alleges Defendants were deliberately indifferent in treating his ankle injury in violation of the Eighth Amendment. Plaintiff seeks a declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: On March 26, 2018, Plaintiff injured his Achilles tendon while playing basketball. Plaintiff was escorted to the healthcare unit in a wheelchair because he could not put pressure on the leg. He was examined by Jane Doe Nurse at 9:20 a.m.; she put Plaintiff in to see Dr. Blum at 10:00 a.m. (Doc. 27, p. 8). Dr. Blum examined Plaintiff's ankle and diagnosed him with an ankle sprain. Plaintiff informed Dr. Blum that he thought it was more than a sprain because he heard a loud pop. Dr. Blum scheduled Plaintiff for an x-ray.

On April 10, 2018, Plaintiff received the results of the x-ray from Jane Doe Nurse. (*Id*. at p. 8). She informed Plaintiff that he had no fractures or dislocations. Plaintiff informed her that he was still in pain and had a lump on his heel. The nurse scheduled Plaintiff for a follow-up with the doctor. On May 19, 2018, Plaintiff saw John Doe Doctor for the pain and lump in his ankle. John Doe Doctor had Plaintiff wiggle his ankle, but it was difficult because his ankle was in pain. The John Doe Doctor informed him there was nothing wrong with him. Plaintiff requested an MRI because he was in constant pain for two months, but John Doe Doctor refused. (*Id*.).

On May 26, 2018, Plaintiff wrote an emergency grievance to Warden Karen Jaimet, but it was deemed not an emergency. Warden Jaimet sent the grievance back to Plaintiff for it to be processed through the normal grievance process (Doc. 27, p. 8). On August 20, 2018, Plaintiff put in a sick-call request and was again seen by Jane Doe Nurse (*Id.* at p. 9). He informed her that he was in constant pain and still had a lump on his ankle. She referred him to the Nurse Practitioner. The Nurse Practitioner scheduled Plaintiff for an ultrasound, which he had on September 18, 2018

(*Id*.). Plaintiff was then diagnosed with tendinosis of the Achilles heel with a likely tear. The Nurse Practitioner then scheduled Plaintiff for an MRI. On November 15, 2018, Plaintiff was diagnosed with a partial tear of the Achilles heel (*Id*.). He was scheduled to see Dr. Richard Morgan who informed him that the only treatment was surgery (*Id.*). On January 3, 2019, Plaintiff met again with Dr. Morgan, and Plaintiff confirmed that he wanted the surgery. On February 11, 2019, he had surgery to repair his heel (*Id*.).

After the surgery, Plaintiff went to mental health services to deal with the emotional pain of having physical pain for almost a year and the stress of trying to obtain proper treatment (Doc. 27, p. 9). He has been provided with a treatment plan and participates in group treatment.

Plaintiff alleges that despite both Dr. Blum and Dr. Myers knowing that Wexford's protocol for a ruptured Achilles tendon calls for a splint, crutches, and antibiotics, he was not provided with any of these items. He also was not sent promptly to a specialist. His ankle was not immobilized, and he was not put on non-weight bearing status.

### **Preliminary Dismissals**

As an initial matter, the Court finds that Plaintiff fails to state a claim as to Dr. Ritz, Percy Myers, and Alisa Dearmond. Plaintiff lists Dr. Ritz and Alisa Dearmond as defendants, but he fails to include any allegations against them in the statement of the claim section of his Amended Complaint. Because he fails to allege that these individuals violated his constitutional rights, these individuals are **DISMISSED without prejudice.** *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (must associate specific defendants with specific claims, so defendants are put on notice). He does state in the statement of the claim that Dr. Myers failed to follow Wexford protocols, but he fails to allege when Dr. Myers treated him or what care, if any, he provided. A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v.*

3

*Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Because Plaintiff does not identify when he saw Dr. Myers and what role he played in Plaintiff's care, the claims against Dr. Myers are also **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** **Dr. Blum, John Doe Physician, Karen Jaimet, and John/Jane Doe Nurse[1] were deliberately indifferent in treating Plaintiff's ankle injury.**

**Count 2:** **Defendants actions amounted to intentional infliction of emotional distress.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### Count 1

At this stage, the allegations in the Amended Complaint state a viable claim for deliberate indifference against Dr. Blum and John Doe Physician. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

As to Karen Jaimet, Plaintiff only alleges that she found his grievance to not be an emergency and directed him to pursue it through the normal grievance process. The denial or

---

[1] Plaintiff identifies the nurse in the caption as a John Doe but refers to her throughout the Amended Complaint as Jane Doe.
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because Plaintiff only alleges that Jaimet denied his grievance as not an emergency, the claim against her is **DISMISSED without prejudice**.

Plaintiff also fails to state a claim against John/Jane Doe Nurse. He alleges that he saw the nurse on several occasions and that each time she treated him and referred him to the doctor. These actions do not amount to deliberate indifference, and the claim against her is also **DISMISSED without prejudice**.

## Count 2

Plaintiff also states a viable claim for intentional infliction of emotional distress against Dr. Blum and John Doe Physician. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). Plaintiff fails to state a claim, however, against John/Jane Doe Nurse and Karen Jaimet. He alleges that John/Jane Doe Nurse referred him to the doctor on the several occasions that she saw him and that Jaimet denied his grievance as not an emergency. Neither action amounts to the extreme and outrageous conduct necessary for an intentional infliction of emotional distress claim. *Honaker*, 256 F.3d at 490; *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 684 (5th Dist. 1999)(citation omitted) (The "law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it."). The claims against John/Jane Doe Nurse and Karen Jaimet are **DISMISSED without prejudice**.

## Disposition

For the reasons states above, Counts 1 and 2 shall proceed against Dr. Blum and John Doe Physician but are **DISMISSED without prejudice** as to Karen Jaimet and John/Jane Doe Nurse.

Dr. Ritz, Percy Myers, and Alisa Dearmond are also **DISMISSED without prejudice**. The Clerk is **DIRECTED** to **TERMINATE** these individuals from the docket. Further, the Court will **ADD** the current warden of Pinckneyville, Jeff Dennison, in his official capacity only for purposes of identifying the John Doe Physician.

The Clerk of Court shall prepare for Defendants Dr. Blum and Jeff Dennison (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Jeff Dennison, who is only in the case in his official capacity to help

identify the John Doe Physician, does not need to file a responsive pleading and will receive information for identifying the John Doe at a later date.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  4/6/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**